IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

MOHAMED MUSE )
)
v. ) NO: 3:15-1520
)
SGT. PEPPER, et al. )

TO: Honorable Waverly D. Crenshaw, Jr., District Judge

**R E P O R T   A N D   R E C O M M E N D A T I O N**

By Order entered April 22, 2016 (Docket Entry No. 9), the Court referred this *pro se* and *in forma pauperis* civil rights action to the Magistrate Judge for pretrial proceedings under 28 U.S.C. §§ 636(b)(1)(A) and (B), Rule 72(b) of the Federal Rules of Civil Procedure, and the Local Rules of Court.

Mohamed Muse ("Plaintiff") filed this action on December 28, 2015, alleging that, on an unspecified date and at an unspecified location, he was subjected to a traffic stop, during which he was detained by police officers and his vehicle was searched prior to his being released with no charges lodged against him. He asserts that there was not probable cause for any of these actions. In the order of referral, the Court found that Plaintiff stated an arguable claim under 42 U.S.C. § 1983 and directed that the Clerk send him service packets for the two named defendants, which he was to complete and return to the Court. Plaintiff was also advised that he needed to take steps to identify the defendants by their full names and that he needed to keep the Clerk's Office informed of his current address. At the time Plaintiff filed his lawsuit, he was a resident of Tennessee. However, it appears that Plaintiff has since moved to Florida. *See* Docket Entry No. 16.

Service packets were not returned to the Court as directed. Accordingly, the Court issued a second order to Plaintiff on August 10, 2016, directing the Clerk to again send two service packets to Plaintiff and directing Plaintiff to complete the service packets and return them to the Clerk's Office by August 29, 2016. *See* Docket Entry No. 18. Plaintiff was specifically advised that his failure to return the completed service packets within the time required would result in a recommendation that this action be dismissed. The docket reflects that Plaintiff has not returned completed service packets and, as a result, process has not issued to Defendants in this action.

Rule 4(m) of the Federal Rules of Civil Procedure requires that Defendants be served with process within 90 days of the date this action was filed and provides that, in the absence of a showing of good cause by Plaintiff for why service has not been timely made, the Court "must dismiss" the action without prejudice. It is also well settled that Federal trial courts have the inherent power to manage their own dockets, *Link v. Wabash R.R. Co.*, 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1961), and Rule 41(b) of the Federal Rules of Civil Procedure permits the Court to dismiss an action upon a showing of a clear record of delay, contumacious conduct, or failure to prosecute by the plaintiff. *See Carter v. City of Memphis, Tennessee*, 636 F.2d 159, 161 (6th Cir. 1980).

Plaintiff's failure to return service packets to the Court has caused this action to lay dormant for several months. Because process has not been served upon Defendants, Rule 4(m) requires dismissal of the action. Additionally, Plaintiff's failure to comply with the directives of the Court indicates an apparent lack of interest in prosecuting the action and warrants the dismissal of the action.[1]

---

[1] This Report and Recommendation provides notice to Plaintiff of the Court's intention to dismiss the action, and the fourteen day period for filing objections provides him with the opportunity to show good cause why the action should not be dismissed.

## RECOMMENDATION

The Court respectfully RECOMMENDS this action be DISMISSED WITHOUT PREJUDICE in accordance with Rules 4(m) and 41(b) of the Federal Rules of Civil Procedure.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of receipt of this notice and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

BARBARA D. HOLMES
United States Magistrate Judge